# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **GINA NELSON, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:18CV00025(Lead) |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JACKIE A. SHOCKLEY, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Richard D. Kennedy, Kennedy Law Office PLLC, Wise, Virginia, for Plaintiff Gina Nelson; Jeremy B. O'Quinn, The O'Quinn Law Office, PLLC, Wise, Virginia, for Plaintiff Rhonda J. Howell; Jeffrey P. Miller and Michael E. Harman, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, for Defendants.*

In separate consolidated lawsuits, plaintiffs Gina Nelson and Rhonda J. Howell bring claims based on negligence, gross negligence, negligence per se, and res ipsa loquitur arising out of a motor vehicle accident with defendant Jackie A. Shockley, who was driving a vehicle for his employer, defendant Paschall Truck Lines, Inc. The defendants have moved to dismiss the claims of gross negligence, negligence per se, and res ipsa loquitur. For the reasons that follow, I will grant the Motions to Dismiss in part, and deny them in part.

I.

The Complaints allege the following facts, which I must accept as true for the purpose of deciding the present issues.

On or about September 6, 2016, plaintiff Rhonda J. Howell was driving a vehicle in which plaintiff Gina Nelson was a passenger. Defendant Jackie A. Shockley was driving a vehicle for his employer, defendant Paschall Truck Lines, Inc. ("Paschall").

Howell, who was traveling east on Route 695 in Wise County, Virginia, lawfully stopped her vehicle when she came to an intersection with Route 23. At that time, Shockley was traveling in the right lane of Route 23. While driving through the intersection at which Howell and Nelson were stopped, Shockley's vehicle struck the front bumper of their vehicle, injuring them both. Howell and Nelson allege that the collision occurred because Shockley failed to pay proper attention to the position of his vehicle in its lane, keep a proper lookout, maintain proper control of the vehicle, apply the vehicle's brakes in a proper manner, and give full time and attention to the operation of the vehicle. They also allege that he was operating the vehicle at an excessive rate of speed under the circumstances.

Howell and Nelson filed separate Complaints in state court against Shockley and Paschall. In their Complaints, Howell and Nelson contend that Shockley was negligent, grossly negligent, and negligent per se in the operation of his vehicle.

They also assert that they will rely on the doctrine of res ipsa loquitur. They bring the same claims against Paschall under the doctrine of respondeat superior, alleging that Shockley was driving the vehicle in the course and scope of his employment with Paschall. The defendants timely removed the cases to this court,[1] and they now move to dismiss the claims alleging gross negligence, negligence per se, and res ipsa loquitur.[2] The Motions to Dismiss are ripe for decision.[3]

---

[1] Thereafter, the court entered an order directing that the separate cases be consolidated; designating Nelson's action, case number 2:18CV00025, as the lead case; and directing that all future documents be docketed only in the lead case. Scheduling Order, ECF No. 19. Accordingly, citations to the record in this Opinion are to documents filed in case number 2:18CV00025.

[2] Paschall filed demurrers seeking to dismiss the gross negligence, negligence per se, and res ipsa loquitur claims in both state court cases before they were removed to this court. Repleading after removal is unnecessary unless the court orders it. Fed. R. Civ. P. 81(c)(2). "Accordingly, after removal, the demurrer filed in state court will be treated as the federal equivalent — a motion to dismiss for failure to state a claim." *Perry v. Safeco*, No. 3:16CV323, 2017 WL 655172, at *1 n.2 (E.D. Va. Feb. 16, 2017) (internal quotation marks and citation omitted). Shockley filed his Motions to Dismiss after the cases were removed and consolidated.

[3] Paschall filed its demurrers on July 17, 2018. Shockley filed and served electronically his Motions to Dismiss on April 26, 2019. Neither Howell nor Nelson filed responses, and the time to file responses in this court has elapsed. Although the motions are thus unopposed, I am still obligated to consider them on their merits. *See Altizer v. Town of Cedar Bluff,* No. 1:14CV00007, 2014 WL 2535057, at *2 (W.D. Va. June 5, 2014); *cf. Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (holding that when considering a motion for summary judgment, the court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law").

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

The defendants first move to dismiss the plaintiffs' claims based in negligence per se. For plaintiffs to state a claim of negligence per se in Virginia, they must show that (1) the defendant violated a statute that was enacted for public safety; (2) the plaintiff belongs to the class of persons for whose benefit the statute was enacted, and the harm that occurred was of the type against which the statute

---

I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

was designed to protect; and (3) the statutory violation was a proximate cause of the injury. *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (Va. 2000).[4] Plaintiffs must identify an actual, rather than merely hypothetical, statute. *William v. AES Corp.*, 28 F. Supp. 3d 553, 571 (E.D. Va. 2014) (finding the allegation that the defendant's conduct violated "numerous Federal statutes" insufficient to state a claim of negligence per se).

Here, Howell and Nelson contend that Shockley operated his vehicle "in a manner inconsistent with traffic laws, statutes, ordinances, regulations, markings, and/or warnings . . . which were designed to protect against the matter herein complained of." Compl. ¶ 6(d), ECF No. 6. The defendants argue that these claims fail because they do not cite any specific statutes, laws, or ordinances. I agree with the defendants. Because the plaintiffs have not identified the particular statute they allege Shockley violated, they cannot show that they belong to the class of persons for whose benefit the statute was enacted or that the harm that occurred was of the type against which the statute was designed to protect, and thus their claims fail.

The defendants next argue that the plaintiffs have failed to state a claim for gross negligence. "Gross negligence is that degree of negligence which shows an utter disregard of prudence, amounting to complete neglect of the safety of

---

[4] In this diversity action, Virginia law applies.

-5-

another; such heedless and reckless disregard of his rights as to be shocking to reasonable men." *Kennedy v. McElroy*, 81 S.E.2d 436, 439 (Va. 1954). A number of negligent acts may combine to amount to gross negligence. *Id.* Ordinarily, whether conduct constitutes gross negligence is an issue for the jury. *Id.* It becomes a question of law for the court "only when reasonable men should not differ as to the proper conclusion to be drawn from the evidence." *Id.*

The defendants contend that Howell and Nelson have not alleged facts rising to the level of gross negligence. However, I find that although the facts alleged lack detail, they are sufficient to state a plausible claim of gross negligence at the motion to dismiss stage. Further development in discovery of the facts surrounding Shockley's alleged failure to pay proper attention to the position of his vehicle, keep a proper lookout, and maintain proper control of his vehicle, along with his alleged excessive speed, may reveal that his conduct amounted to gross negligence.

Lastly, the defendants argue that the claims based on the doctrine of res ipsa loquitur must be dismissed. Res ipsa loquitur means "that the facts of the occurrence warrant the inference of negligence." *Danville Cmty. Hosp. v. Thompson*, 43 S.E.2d 882, 887–88 (Va. 1947) (quoting *Sweeney v. Erving*, 228 U.S. 233, 240 (1913)) (internal quotation marks omitted). "For the doctrine to apply, the instrumentality causing the damage must be in the exclusive possession

of or under the exclusive management of the defendant, the accident must be of such nature and character as does not ordinarily occur if due care is used, and the evidence regarding the cause of the incident is accessible to the defendant and inaccessible to the injured party." *Lewis v. Carpenter Co.*, 477 S.E.2d 492, 494 (Va. 1996). The doctrine is not to be applied when this evidence is available. *Id.*

I find that the plaintiffs have not alleged facts to which the doctrine of res ipsa loquitur applies. In particular, they have not alleged facts showing that the evidence regarding the cause of the accident is inaccessible to them. Rather, they have alleged that the cause of the accident was Shockley's failure to keep a proper lookout, maintain proper control of the vehicle, apply the brakes, and give full time and attention to the operation of the vehicle, among other things. The plaintiffs may further investigate Shockley's conduct during discovery. Accordingly, res ipsa loquitur is inapplicable in this case.

### III.

For the foregoing reasons, Paschall's demurrers and Shockley's Motions to Dismiss, Case No. 2:18CV00025, ECF No. 20, and Case No. 2:18CV00026, ECF No. 20, are GRANTED IN PART and DENIED IN PART, as follows:

1. Howell and Nelson's claims alleging negligence per se against both Shockley and Paschall are DISMISSED;

2. Howell and Nelson's claims alleging res ipsa loquitur against both Shockley and Paschall are DISMISSED;

3. The Motion to Dismiss is DENIED as to Howell and Nelson's claims alleging gross negligence against both Shockley and Paschall; and

4. Howell and Nelson's claims alleging negligence and gross negligence against both Shockley and Paschall remain.

It is so **ORDERED**.

ENTER: June 5, 2019

/s/ *James P. Jones*
United States District Judge